IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TEKNOWLEDGE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-310C |
| | ) | (Judge Thomas C. Wheeler) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's first amended complaint, defendant admits, denies and alleges as follows:

1. Admits the allegation contained in paragraph 1 that Teknowledge has a place of business at 1800 Embarcadero Road, Palo Alto, CA 94303; denies the remainder of the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits.

3. The allegations contained in the first sentence of paragraph 3 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the second sentence of paragraph 3 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The defendant admits that the contracts under which this dispute has arisen and under which the plaintiff is a prime contract are: N66001-98-C-8500, N66001-98-D-8506/0006, N66001-98-D-8506/0008, N66001-00-C-8074, F30602-97-C-0145, F30602-99-C-0138, F30602-00-C-0164, F30602-00-C-0057, F30602-00-C-0200, F30602-00-0202, F30602-00-C-0171,

F30602-00-C-0218. The defendant further admits that the contract under which this dispute has arisen in which the plaintiff is a subcontractor are: F30602-00-C-0160 (Subcontract No. 00-C-0160-05), F30602-96-2-0224 (Subcontract No. 057715), F30602-99-1-0542 (Subcontract No. 057715), F30602-99-1-0524 (Subcontract No. 057804), and F30602-96-2-0192 (Subcontract No. 057798). The defendant otherwise denies the allegations contained in paragraph 4.

5. Denies the allegations contained in the first and second sentences of paragraph 5 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Defendant denies the allegations contained in the third sentence of paragraph 5 that the term, “dual use,” has any relevant meaning within the context of Government contracting or the current dispute; denies the remainder of the allegations contained in the third sentence of paragraph 5.

6. Denies the allegation contained in the first sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the remainder of the allegations contained in paragraph 6. Defendant avers that the $885,430 to which Teknowledge refers in the third sentence of paragraph 6 represents Teknowledge’s amortization of software “production” costs previously capitalized by Teknowledge.

7. Denies.

8. Denies the allegation contained in the first sentence of paragraph 8 that the term, “dual use,” has any relevant meaning within the context of Government contracting or the current dispute; denies the remainder of the allegations contained in the first sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the

matters asserted. Denies the allegations contained in the second sentence of paragraph 8.

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted

10. Defendant is not aware of a current agency called the “Advanced Project Research Agency.” Assuming that Teknowledge is referring to the Defense Advanced Research Projects Agency, defendant denies the allegations contained in the first sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

12. Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by Defense Contract Audit Agency (DCAA) Draft Audit Report No. 04281-2001A10100024 cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 12. Denies the allegations contained in the second sentence of paragraph 12; defendant avers that the DCAA questioned what Teknowledge erroneously identified as amortized software “development” costs and proposed to reclassify those costs to the G&A base as direct product costs. Denies the allegations contained in the third sentence of paragraph 12; defendant avers that DCAA questioned other costs included in Teknowledge’s indirect rates.

13. Defendant specifically denies that the term, “dual use,” has any relevant meaning within the context of Government contracting or the current dispute. Defendant admits the allegations contained in paragraph 13 that, on or about January 21, 2005, Teknowledge

responded to the draft audit; denies the remainder of the allegations contained in paragraph 13

14. Admits the allegations contained in the first sentence of paragraph 14. Admits the allegations contained in the second sentence of paragraph 14 to the extent supported by DCAA Audit Report No. 04281-2001A10100024, "Report on Audit of Indirect Cost Rates and Direct Costs for Calendar Year 2001,"[1] cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 14. Denies the allegations contained in the third sentence of paragraph 14. Defendant avers that Audit Report No.04281-2001A10100024 questioned the allocation of amortized software production costs, erroneously identified by Teknowledge as software development costs, and recommended classifying those costs to the G&A base as direct product costs of the TekPortal™ (Tek) product line. Denies the allegations contained in the fourth sentence of paragraph 14. Defendant avers that Audit Report No. 04281-2001A10100024 also questioned other direct and indirect costs included in Teknowledge's Calendar Year 2001 incurred cost proposal.

15. Admits the allegation contained in paragraph 15 that, on July 25, 2005, DCMA issued a Contracting Officer's Intent to Disallow Costs; denies the remainder of the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 that, on behalf of Teknowledge, Mr. William W. Holder, whom Teknowledge claims is a financial expert, submitted an undated letter to DCMA; denies the remainder of the allegations contained in paragraph 16.

17. Admits the allegations contained in the first sentence of paragraph 17 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its

---

[1] "Federal" is not part of the title of the audit report.

contents; otherwise denies the allegations contained in the first sentence of paragraph 17. Denies the allegations contained in the second sentence of paragraph 17. Defendant avers that the contracting officer's final decision disallowed the allocation of $273,776 in amortized software production costs, previously capitalized by Teknowledge and included in the Government overhead pool, and reclassified those costs to the G&A base as direct costs of the Tek product line. Denies the allegations contained in the third sentence of paragraph 17. Defendant avers that the contracting officer's final decision demanded the payment of $285,565 (not $285,656), which included the disallowed amortizations and the related G&A costs and Costs of Money.

COUNT I

18. The defendant re-avers and incorporates each of the responses to each of the foregoing paragraphs of the complaint as if repeated fully.

19. Denies.

20. Denies.

21. Denies.

22. Denies.

23. Denies.

PRAYER FOR RELIEF

24. Denies.

25. Denies.

26. Denies the plaintiff is entitled to the relief requested, or to any relief whatsoever.

27. Denies each and every allegation not previously admitted or otherwise qualified.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/ David M. Cohen
DAVID M. COHEN
Director

/s/ Sheryl L. Floyd
SHERYL L. FLOYD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Defendant

OF COUNSEL:

STACY PROCTER
Defense Contract Management Agency
Carson, CA 90746

JUNE 23, 2006

CERTIFICATE OF FILING

I hereby certify that on this 23rd day of JUNE, 2006, a copy of the "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sheryl L. Floyd