**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **TEKNOWLEDGE CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 06-310C** |
| | ) | **(Judge Thomas C. Wheeler)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, Paragraph 4, the parties hereby submit this joint preliminary status report.

**a. Does the Court have jurisdiction over the action?**

It is plaintiff's position that the Court possesses jurisdiction to entertain its complaint. As of this time, defendant is not aware of any reason to challenge the Court's jurisdiction to entertain plaintiff's complaint.

**b. Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

**c. Should trial of liability and damages be bifurcated?**

The parties agree that trial of liability and damages should not be bifurcated.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?**

The parties do not believe that a remand or suspension will be sought.

**f. <u>Will additional parties be joined</u>?**

The parties do not anticipate at this time that additional parties will be joined.

**g. <u>Does either party intend to file a dispositive motion pursuant to RCFC 12(b), 12(c), or 56</u>?**

After the parties have conducted discovery, they will be in a better position to determine whether the filing of dispositive motions for summary judgment pursuant to Rule 56 is appropriate in this case.

**h. <u>What are the relevant factual and legal issues</u>?**

1. Whether the $273,776 in amortized software costs included in Teknowledge's government overhead pool are related to the production of software or to the research and development of software as defined in Financial Accounting Standards No. 86.

2. Whether the $273,776 in amortized software costs can be properly allocated to government contracts.

**i. <u>What is the likelihood of settlement? Is alternative dispute resolution contemplated</u>?**

Settlement of this lawsuit does not appear likely at this time. However, the parties will explore settlement options as the parties conduct discovery.

**j. <u>Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefor</u>?**

If the parties are unable to resolve the primary factual issue in dispute (see ¶ h, #1), the parties expect to proceed to trial. The parties agree that expedited trial scheduling is not appropriate.

**k. <u>Are there special issues regarding electronic case management needs</u>?**

The parties are not aware of any special issues regarding electronic case management needs.

**l. <u>Is there other information of which the Court should be aware at this time</u>?**

None at this time.

**m. <u>Joint Proposed Scheduling Plan</u>.**

The parties will exchange their initial disclosures on September 25, 2006. Written discovery and the discovery of fact witnesses will continue through June 1, 2007. Plaintiffs will identify their expert witness(es), if any, on or before January 12, 2007, at which time expert discovery will commence. By February 26, 2007, plaintiffs will submit to defendants all expert reports in the manner and form required by Rule 26(a)(2), including all supporting documentation, spreadsheets, calculations, and formulas supporting damages calculations and spreadsheets, in hard copy and electronically; iterations of prior drafts need not be submitted. The Government will identify its expert witnesses on or before April 6, 2007. By June 29, 2007, defendant will submit to plaintiffs all expert report(s) in the manner and form required by Rule 26(a)(2), including all supporting documentation, spreadsheets, calculations, and formulas supporting damages calculations and spreadsheets, in hard copy electronically; iterations of prior drafts need not be submitted. Expert discovery will continue through September 28, 2007. On October 15, 2007, the parties will submit to the Court a joint status report which sets forth the parties' suggested further proceedings in the case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/ David M. Cohen
DAVID M. COHEN
Director

/s/ Benedict O'Mahoney
BENEDICT O'MAHONEY
Teknowledge Corp.
1800 Embarcadero Road
Palo Alto, CA 94303
Tele: (650) 424-0500

Attorney for Plaintiff

Dated: 9/5/2006

/s/ Sheryl L. Floyd
SHERYL L. FLOYD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0282

OF COUNSEL:

STACY PROCTER
Defense Contract Management Agency
Carson, CA 90746

Attorneys for Defendant

Dated: 9/7/06

**CERTIFICATE OF FILING**

I hereby certify that on this 8th day of SEPTEMBER, 2006, a copy of the "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sheryl L. Floyd