IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TEKNOWLEDGE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-310C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that this Court enter summary judgment in its favor. Plaintiff Teknowledge Corporation ("Teknowledge") alleges that it is entitled to $285,656 in software amortization costs as indirect costs of its government overhead pool for its software program called TekPortal. Complaint, ¶ 23. Teknowledge's allegations are not supported by any evidence and are contradicted by the Federal Acquisition Regulations ("FAR"). The United States is, therefore, entitled to summary judgment in its favor. In support of our motion, we rely upon this brief, and the parties joint stipulation of facts.

STATEMENT OF THE ISSUES

1. Whether summary judgment is appropriate where plaintiff seeks to allocate amortized software costs related to TekPortal software to the Government overhead pool despite having never sold TekPortal to the Government.

STATEMENT OF THE CASE

On July 25, 2005, Defense Contract Management Agency issued a notice of intent to disallow amortized software cost claimed by Teknowledge. The Government has

never purchased TekPortal and has never reaped any benefit from the software. Teknowledge filed its complaint on April 24, 2006. In its complaint, Teknowledge contends that TekPortal provides a "dual use" to its commercial and government customers. Teknowledge alleges that software amortization costs are not direct costs and that Teknowledge is entitled to account for 31 percent of the software amortization costs associated with TekPortal as indirect costs of the government overhead pool. Complaint, ¶ 21 and 23. Teknowledge now seeks $285,656 in damages plus interest, costs and attorney fees. Id.

## STATEMENT OF MATERIAL FACTS

According to its website, Teknowledge is "an internet transaction business" that provides service solutions that "involve processing application knowledge, and conducting flexible and secure transactions over the Internet." http://www.teknowledge.com). Joint Stipulation of Fact ("Joint Stip") 1. In 2001, Teknowledge accounted for five business units within two reporting segments – commercial and government. Joint Stip 2. Teknowledge's commercial segment included the FS operating unit (formerly known as the "eCommerce" operating unit). Id. The commercial FS operating unit offered commercial software solutions that included, among other things, a product called TekPortal for the financial services industry. Id. Teknowledge accumulates indirect costs associated with the FS business unit in its commercial overhead pool. Id. In 2001, Teknowledge's Government segment includes the remaining four operating units, each of which performs work under Government-sponsored contracts (primarily research and development contracts). Joint Stip 3.

In 1999, Teknowledge began developing TekPortal. Joint Stip 4. In 2001, Teknowledge amortized $885,430 of software costs related to TekPortal. Id. Teknowledge has Government contracts with the Navy. Complaint at ¶ 4. Pursuant to direction from the FAR, Teknowledge's costs from work on its contracts with the Government are to be allocated among its contracts. Teknowledge assigned a portion of its development costs for TekPortal to its Government contracts by including them in its overhead pool of indirect costs. Complaint at ¶ 24.

The Government has never purchased TekPortal. Joint Stip 5. Nevertheless, Teknowledge alleges that it intended TekPortal to be "dual use" software for use by both commercial and government customers, and has asked the Government to pay for a portion of the development of the product. Joint Stip 6. In accordance with its accounting practices, Teknowledge charged a "reasonable percentage" of the "development" efforts to the Government overhead pool and accounted for that cost in accordance with FAS No. 86. Id. Teknowledge allocated 31 percent of 2001 amortized software development costs to the Government overhead pool, or $273,776, and 69 percent to the commercial overhead pool. Joint Stip 7. Teknowledge contends that its allocation is correct because Teknowledge's costs are indirect costs pursuant to FAR 31.203 and 31.205-18. Joint Stip 8.

## SUMMARY OF THE ARGUMENT

The Court should grant summary judgment in the Government's favor because the amortization costs claimed for the TekPortal software produced by Teknowledge are neither an allowable or allocable cost to the Government because it is undisputed that TekPortal was never sold to or used by the Government. Teknowledge cannot prove

through any set of facts that the Government benefited from the development of TekPortal in any form or fashion and thus the Government correctly disallowed Teknowledge's claim for software amortization costs.

ARGUMENT

I. Summary Judgment Standards

Summary judgment is appropriate when the record shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Moden v.United States, 404 F.3d 1335, 1342 (Fed. Cir. 2005) (citing RCFC 56(c)). A factual issue is "genuine" only if the Court could find for the party opposing summary judgment and "material" only if the issue could affect the judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The mechanism of summary judgment is "designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting FRCP 1). Resolving a dispute via summary judgment is appropriate in contract interpretation cases, which turn upon questions of law. Varilease Technology Group, Inc. v.United States, 289 F.3d 795, 798 (Fed. Cir. 2002).

The moving party bears the burden of showing that no genuine issues of material fact preclude summary judgment. Celotex Corp., 477 U.S. at 323. All justifiable inferences should be drawn in favor of the nonmovant. Anderson, 477 U.S. at 255. Nevertheless, the party opposing summary judgment must show an evidentiary conflict on the record. American Airlines, Inc. v. United States, 204 F.3d 1103, 1112 (Fed. Cir. 2000). Factually unsupported argument is insufficient to defeat a motion for summary judgment. Id.

II. Teknowledge's Costs are Not Allocable To The Government

Pursuant to the FAR, the only costs a contractor can charge to a Government contract are "those allocable cost which are allowable pursuant to Part 31 [of the FAR] and applicable agency supplements." FAR § 31.201-1(b). Here, the software amortization costs claimed by Teknowledge are not allocable to any Government contract, so accordingly, they are not allowable.

Pursuant to FAR § 31.201-4, a cost is allocable to a Government contract if it is assignable or chargeable to one or more cost objectives on the basis of relative benefits received or other equitable relationship. A cost is allocable if the cost is (a) incurred specifically for the contract; (b) benefits both the contract and other work, and can be distributed to them in reasonable proportion to the benefits received; or (c) is necessary to the overall operation of the business, although a direct relationship to any particular cost objective cannot be shown. See FAR § 31.201-4(a-c). FAR § 210.4(a) permits a contractor to allocate direct costs of Government contracts to that contract. A direct cost is "any cost that is identified specifically with a particular final costs objective." FAR § 2.101. FAR § 31.202(a) provides that "all costs specifically identified with other final cost objectives of the contractor are direct costs of those costs objectives and are not to be charged to the contract directly or indirectly."

The amortized TekPortal development costs do not meet any of these allocability requirements, and accordingly Teknowledge's development costs cannot be assessed against any Government contract, even indirectly.

The first allocability requirement, 31-201-4(a), is not met because it is undisputed that the Government never purchased TekPortal. Indeed, Teknowledge has not

demonstrated that the amortized costs were incurred specifically for any Government contract.

Teknowledge similarly fails to meet the second allocability requirement, 31-201-4(b), that its amortized costs benefited both the Government contract and other work and that those benefits can be distributed to the Government in reasonable proportion to the benefits received. Teknowledge has contended that TekPortal "has an excellent potential for use by Government agencies, such as the Department of Defense, the Department of Human Resources, and the intelligence community." See Ex. 1 (March 21, 2005 letter from Teknowledge (Dennis Bugbee) to Defense Contract Management Agency at 2). But Teknowledge acknowledges that as of March 21, 2005, Teknowledge had not sold TekPortal to the Government. Id. The test for allocability, however, is not some vague prospective potential benefit to the Government. See FMC Corporation v. United States, 853 F.2d 882, 886 (Fed. Cir. 1988) ("remote and insubstantial benefit to the government do not meet the requirement of a government benefit. . .") In 2001, the year Teknowledge claims the amortized costs, the Government did not purchase TekPortal nor did the Government reap any benefit from the TekPortal amortization. Moreover, Teknowledge sets forth no factual support for its decision to allocate 31 percent of the amortization costs to the Government overhead pool. Instead, Teknowledge asserts this allocation is based solely upon "estimating the benefit from the development to the government and deriving a fair allocation based on that estimation." Response to Interrogatory No. 10. Teknowledge, however, has been unable to justify this estimation or demonstrate this "benefit" in light of the fact that the Government never purchased TekPortal.

Teknowledge also fails to meet the third requirement, 31-201-4(c). Teknowledge must show a "benefit to government work from an expenditure of a cost that it claims is 'necessary to the overall operation of the [contractor's] business." Caldera v. Northrop, 192 F.3d 962, 972 (Fed. Cir. 1999). Teknowledge has set forth no evidence showing a benefit to the work it performs for the Government for any of the costs attributed to TekPortal. Moreover, there is no evidence that TekPortal's costs were necessary to the overall operation of Teknowledge's business.

III. Teknowledge Costs Are Not Allowable

FAR § 31.201-2 sets forth the basic principles for allowability of costs. See Boeing North American, Inc. v. Roche, 298 F.3d 1274, 1285 (Fed. Cir. 2002). A cost is allowable only when it is (1) reasonable; (2) allocable; (3) complies with Cost Accounting Standards or generally accepted accounting principles and practices; (4) complies with terms of the contract; and (5) complies with any limitation in FAR subpart 31.2. FAR § 31.201-2. The concept of allowability is addressed to the question whether a particular item of cost should be recoverable as a matter of public policy. Id. at 1281.

No public policy is advanced by the Government paying costs incurred by Teknowledge for developing a software system never purchased nor used by the Government. Accordingly, software amortization costs claimed by Teknowledge for TekPortal are not, as a matter of public policy, reasonable in light of the fact that the Government has never purchased nor used the software.

No generally accepted accounting principles are applicable to Teknowledge's claim and even if one were proposed, it would be moot because the requirements of FAR § 31.201-2(1) and (2) are not met. Similarly moot is any attempt by Teknowledge to

meet the other requirements pursuant to FAR § 31.201. Neither can the terms of its contracts allow for the claimed costs (FAR 31.201-2(d) nor can any limitations set forth in subpart 31.201 allow for these claimed costs (FAR 31.201-2(e)) because none of Teknowledge's TekPortal work was pursuant to a Government contract.

CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment should be granted.

Respectfully submitted

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Donald E. Kinner for Todd M. Hughes
TODD M. HUGHES
Deputy Director

**/s/** David M. Hibey
DAVID M. HIBEY
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 28th day of July, 2008, a copy of the foregoing "Defendant's Motion For Summary Judgment" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/David M. Hibey