IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TEKNOWLEDGE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-310C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT STIPULATION OF FACTS

Pursuant to the Court's April 1, 2008 order, the parties respectfully submit the following joint stipulation of facts for the purposes of summary judgment:

1. Plaintiff, Teknowledge Corporation ("Teknowledge") states on its website that it is "an internet transaction business" that provides service solutions that "involve processing application knowledge, and conducting flexible and secure transactions over the Internet." (http://www.teknowledge.com).

2. In 2001, Teknowledge accounted for five business units within two reporting segments – Commercial and Government. Teknowledge's commercial segment included the FS operating unit (formerly known as the "eCommerce" operating unit). The commercial FS operating unit offered commercial software solutions that included, among other things, the TekPortal solution-customer information aggregation service for the financial services industry. Teknowledge accumulated indirect costs associated with the FS business unit in its commercial overhead pool.

3. In 2001, Teknowledge's government segment included the remaining four operating units, each of which performed work under government-sponsored contracts (primarily research and development contracts).

4. In 1999, Teknowledge began developing TekPortal. In 2001, Teknowledge amortized $885,430 of software costs related to TekPortal.

5. The Government has never purchased TekPortal.

6. Teknowledge alleges that it intended TekPortal to be “dual use” software for use by both commercial and government customers. In accordance with its accounting practices, Teknowledge charged a “reasonable percentage” of the “development” efforts to the Government overhead pool and accounted for that cost in accordance with FAS No. 86.

7. Teknowledge allocated 31 percent of 2001 amortized software development costs to the government overhead pool, or $273,776, and 69 percent to the commercial overhead pool.

8. Teknowledge contends that its allocation is correct because Teknowledge’s costs are indirect costs pursuant to FAR 31.203 and 31.205-18.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Benedict O’Mahoney
BENEDICT O’MAHONEY
Teknowledge Corp.
1800 Embarcadero Road
Palo Alto, CA 94303
Tele: (650) 424-0500

Attorney for Plaintiff

/s/ Donald E. Kinner for Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/David M. Hibey
DAVID M. HIBEY
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

Attorneys for Defendant

July 28, 2008

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 28th day of July, 2008, a copy of the foregoing "Joint Stipulation Of Facts" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/David M. Hibey