IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TEKNOWLEDGE CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 06-310C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND AMENDED OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Teknowledge Corporation ("Teknowledge") respectfully submits it motion for summary judgment and amended opposition to the United States' motion for summary judgment. In support of Teknowledge's motion and opposition to Government's motion, Teknowledge relies upon the complaint, the following brief, Joint Stipulation of Fact ("Joint Stip."), Defendant's Motion for Summary Judgment Exhibit 1 ("Def. Ex. 1") and Plaintiff's First Supplemental Response to Defendant's First Set of Interrogatories ("First Sup. Response to Interrogatory"). For the reasons set forth below, the Government's motion should be denied and summary judgment should be entered in Teknowledge's favor.

STATEMENT OF THE ISSUES

1. Whether defendant has established, as a matter of law, that it is authorized to disallow allocation of amortized software costs related to TekPortal software to the Government overhead pool.

2. Whether summary judgment is appropriate where plaintiff seeks to allocate amortized software costs related to TekPortal software to the Government overhead pool when such allocation forms a nexus that indirectly benefits the Government.

STATEMENT OF THE CASE

Teknowledge commenced developing innovative software in 1981, much of which provided useful capabilities to both Government and commercial customers. Complaint ¶ 5. In 1991, Teknowledge began development of TekPortal, software intended to be used by both Government and commercial customers, and in 2001 amortized $885,430 of those development costs pursuant to Statement of Financial Accounting Standards ("FAS") No. 86. Id. ¶ 6 and 7. Teknowledge allocated 70% of those costs to the commercial overhead pool and 30% of those costs to the Government overhead pool. Id. ¶ 8. From 2001 to 2005, Teknowledge proposed TekPortal in its response to three Government requests for proposals. Id. ¶ 9-11.

On July 25, 2005, Defense Contract Management Agency issued a notice of intent to disallow amortized software costs, which was confirmed when the Defense Contract Management Agency issued a Contracting Officer's Final Decision and Demand on January 19, 2006. Complaint ¶ 15 and 17. On April 24, 2006, Teknowledge filed a complaint seeking recovery of the disallowed amortized software costs in the amount of $285,656, plus such other relief the Court deems proper. Id. ¶ 24-25.

STATEMENT OF MATERIAL FACTS

Teknowledge began developing TekPortal in 1999. Joint Stip. 4. Teknowledge contends that it intended TekPortal to be "dual use" software for use by both commercial and government customers. Joint Stip. 6. Teknowledge accounted for five business units within two reporting

segments – Commercial and Government. The Commercial segment included one operating unit. Joint Stip. 2. The Government segment included four operating units, each of which performed work under government-sponsored contracts (primarily research and development contracts). Joint Stip. 3. In 2001, Teknowledge amortized $885,430 of software costs related to TekPortal. Joint Stip. 4. In accordance with its accounting practices, Teknowledge charged a "reasonable percentage" of the "development" efforts to the Government overhead pool and accounted for the cost in accordance with FAS No. 86. Joint Stip. 6. Teknowledge allocated 69 percent of those costs to the commercial overhead pool and 31 percent to the government overhead pool. Joint Stip. 7.

SUMMARY OF THE ARGUMENT

Government's motion should be denied because it has not established, as a matter of law, that it is authorized to disallow allocation of amortized software costs related to TekPortal software to the Government overhead pool.

The Government contends that the Teknowledge costs are not allocable or allowable, and therefore the Government is authorized to disallow the Teknowledge costs. There are three disjunctive requirements for allocability, and five conjunctive requirements for allowability. The Government relies on the fact that the Government has never purchased TekPortal as the basis for its assertions that the Teknowledge costs meet none of the allocability or allowability requirements.

While the Teknowledge costs only need to meet one of the disjunctive requirements for allocability, they meet two of those requirements, as well as all of the conjunctive requirements. Whether or not the Government has purchased TekPortal is not a factor in determining

compliance with the allocability or allowability requirements.

Teknowledge's motion for summary judgment should be granted for the same reasons. If the Teknowledge costs are allocable and allowable, the Government is not authorized to disallow the Teknowledge costs. Teknowledge meets two of the three disjunctive requirements for allocability because the Teknowledge costs form a nexus with the Government contracts that indirectly benefits the Government and were necessary to the overall business. Teknowledge meets all five conjunctive requirements for allowability because the Teknowledge costs were reasonable; allocable; and CAS, contract and FAR compliant.

## ARGUMENT

### I. Teknowledge Costs are Allocable To The Government

According to the Federal Acquisition Regulation ("FAR"), a cost is allocable if the cost is (a) incurred specifically for the contract; (b) benefits both the contract and other work, and can be distributed to them in reasonable proportion to the benefits received; or (c) is necessary to the overall operation of the business, although a direct relationship to any particular cost objective cannot be shown. See FAR § 31.201-4(a-c).

In order for a cost to be allocable, it must therefore meet one of the three articulated allocability requirements. For the reasons stated below, Teknowledge's costs meet the criteria of two of the allocability requirements.

#### A. Incurred Specifically for Contract.

Teknowledge does not dispute that the costs were not incurred specifically for a Government contract pursuant to the first allocability requirement, 31.201-4(a).

#### B. Benefits Contract and Other Work, and Can Be Proportionately Distributed.

Teknowledge meets the second allocability requirement, 31.201-4(b), because the costs benefited both the contact and other work, and were distributed among them in reasonable proportion to the benefits received. Teknowledge specifically meets the first prong of the second allocability requirement because the costs benefitted both the contract and other work in both general and specific ways. In a general way, the costs allow Teknowledge to execute on its plan of operating as a company that remains viable by both performing Government contracts and developing software. This model spreads the financial risk over two segments, and also allows software developed in either segment to benefit the other segment. In a specific way, by the time that the Contracting Officer issued his Final Decision, the costs had enabled the commercial segment to absorb close to three million dollars of total G&A costs, a high percentage of which would otherwise have been allocated to Government cost reimbursement contracts. Def. Ex. 1 at 3.

Decisions by the ASBCA and Federal Courts support a broad view of what constitutes a benefit in the context of 31.201-4(b). The ASCBA has recognized the reduction of indirect costs as a benefit accruing to the Government from a particular cost. General Dynamics Corporation, Electric Boat Division, ASCBA No. 18503, 75-2 B.C.A. (CCH) P11,521 (1975). In General Dynamics, the ASBCA held that successful commercial bids would increase the overall business base and thus decrease the allocation of fixed expenses to government contracts. Similarly, the Teknowledge costs increased its overall business base and decreased the allocation of fixed expenses for subsequent years.

The Claims Court has ruled that benefits arising from a potential increase in business are sufficient to establish allocability of the cost. KMS Fusion, Inc. v. The United States, 24 Cl. Ct.

582 (1991). The court in KMS Fusion noted that hiring Government Affairs consultants constituted efforts to ensure its livelihood by continuing to retain current work and to obtain new business, and that such efforts benefited the Government in a general way (Government has an interest in keeping KMS viable) and in a specific way (Government's share of individual contract costs will be reduced if KMS obtains other Government contracts). Id. at 589. Similarly, the Teknowledge costs constituted efforts to ensure its livelihood by obtaining new commercial business. These efforts benefited the Government in a general way in that they kept Teknowledge viable, and in a specific way in that the costs had enabled the commercial segment to absorb close to three million dollars of total G&A costs, a high percentage of which would otherwise have been allocated to Government cost reimbursement contracts. Def. Ex. 1 at 3.

The Government claims that Teknowledge does not meet the criteria for this allocability requirement based on the fact that Teknowledge has not sold TekPortal to the Government. The Government relies on FMC Corporation v. United States, 853 F.2d 882 (Fed. Cir. 1988) ("remote and insubstantial benefit to the government do not meet the requirement of a government benefit…") for the proposition that the test for allocability is not some vague and prospective potential benefit to the Government, but rather a more direct benefit as would inure to the Government from the purchase of TekPortal. FMC held that litigation expense pertaining to a commercial customer and the resulting knowledge of contracting obtained thereby were benefits that were too "remote and insubstantial". Not only is the benefit to the Government neither remote nor insubstantial in the present instance, as detailed in the preceding paragraphs, a direct benefit to the Government contract is not the test for allocability under 31.201-4(b). The test for allocability is whether there is a nexus between the cost and the contract to which it is

allocated. See Boeing North American, Inc. v. Roche, 298 F.3d 1274 (Fed. Cir. 2002). Boeing notes that "FMC made clear that 'benefit' was a concept requiring a contractor to show a nexus between the contractor's cost and the contractor's government work in order to allocate the cost to a government contract". Id. at 1284. There was no such nexus in FMC because the costs at issue were related to a specific purchase order. In the instant case, the Teknowledge costs were not related to any specific purchase order or contract, but rather resulted from work done on speculation in anticipation of acquiring both government and commercial purchase orders and contracts. Boeing concluded that:

> "[A]llocability is an accounting concept and that CAS does not require that a cost directly benefit the government's interests for the cost to be allocable. The word 'benefit is used in the allocability provisions to describe the nexus required for accounting purposes between the cost and the contract to which it is allocated. The requirement of a 'benefit' to a government contract is not designed to permit contracting officers, the Board, or this court to embark on an amorphous inquiry into whether a particular cost sufficiently 'benefits' the government so that the cost should be recoverable form the government." Id. at 1284.

Teknowledge further meets the second prong of the second allocability requirement, 31.201-4(b), because Teknowledge distributed the costs in reasonable proportion to the benefits received. Teknowledge determined the distribution by first assessing general applications for Government use, including financial data aggregation, single sign on applications, and screen scraping functions for financial data and images. First Sup. Response to Interrogatory 7. Teknowledge then identified specific security applications for the Government, including (1)

financial data aggregation for terrorists and persons of interest; and (2) financial data aggregation for persons with security clearances. Id. Teknowledge then initially estimated that matching the development costs to the expected timing of revenues would result in a 50% allocation to the commercial overhead pool and a 50% allocation to the Government overhead pool, which assessment was then refined to 66% allocation to the commercial pool and 33% to the Government pool, and then further refined to a 70% allocation to the commercial pool and 30% allocation to the Government pool. Id.

The Government asserts that Teknowledge's business judgment is not an adequate basis to distribute the costs in a reasonable proportion to the benefits received because the Government has never purchased TekPortal. In the context of a broad view of benefit, "the requirement of 'distribution according to benefit' is satisfied by any sound method of arbitrarily allocating indirect costs to commercial and government work." Lockheed Aircraft Corp. v. United States, 179 Ct. Cl. 545, 564 (1967). Teknowledge determined what was an appropriate allocation based on its intent to sell to both government and commercial customers.

C. Necessary to the Overall Operation of the Business.

Teknowledge meets the third allocability requirement, 31.201-4(c), because the costs are necessary to the overall operation of the business, although a direct relationship to any particular cost objective cannot be shown. Specifically, Teknowledge performs on Government contracts and develops and sells software and services. This is its business model, and execution of the model is what allows it to survive. Each segment supports the other in lean times. The Teknowledge costs were necessary to create a product that could be sold in the marketplace.

The court in KMS Fusion noted that hiring Government Affairs consultants constituted

efforts to ensure its livelihood by continuing to retain current work and to obtain new business, and that such activity and the costs incurred were necessary to the overall operation of the business. (KMS Fusion, supra, at 589). Likewise, the Teknowledge costs were incurred to obtain new business, and such costs were necessary to the overall operation of the business.

## II. Teknowledge Costs Are Allowable

The Government cites Boeing, supra, for the proposition that the concept of allowability is addressed to the question of whether a particular item of cost should be recoverable as matter of public policy. Boeing states this in comparison to allocability, which is addressed to the question of whether a sufficient nexus exists between the cost and a government contract. Boeing, supra, at 1281. Boeing then proceeds to reference the FAR for the requirements of allowability, stating that a cost is allowable only when the cost complies with all of the following four requirements: (1) reasonableness; (2) allocability; (3) standards promulgated by the CAS Board, if applicable, generally accepted accounting principles and practices appropriate to the circumstances; (4) terms of the contract; and (5) any limitations set forth in FAR subpart 31.2. Id. at 1285, FAR § 31.201-2(a).

### A. Reasonableness.

Regarding the first requirement, the Teknowledge cost is reasonable because the cost is necessary for the conduct of Teknowledge's business, was incurred pursuant to generally accepted business practices, honored Teknowledge's responsibilities to the Government and its commercial customers, and was not a deviation from Teknowledge's established practice of developing dual-use software. FAR § 31.201-3.

### B. Allocability.

Regarding the second requirement, the Teknowledge costs are allocable for the reasons set forth in section I above in which it has been established that the Teknowledge costs meet more than one of the necessary disjunctive requirements.

C. CAS Standards.

Regarding the third requirement, the Teknowledge costs comply with the CAS. The Teknowledge cost also complies with generally accepted accounting principles, specifically FASB 86, which requires amortization of software development costs after achieving technological feasibility.

D. Contract Terms.

Regarding the fourth requirement, the Teknowledge costs comply with the terms of all applicable contracts with the Government.

E. FAR Limitations.

Regarding the fifth requirement, the Teknowledge cost is not in contravention of any limitation set forth in FAR subpart 31.2.

CONCLUSION

For the aforementioned reasons, plaintiff respectfully requests that this Court deny defendants' motion in its entirety, and grant plaintiff's motion for summary judgment.

Respectfully submitted,

s/ Benedict O'Mahoney
BENEDICT O'MAHONEY
Teknowledge Corporation
2595 East Bayshore Road, Suite 250
Palo Alto, CA 94404
Email: bomahone@teknowledge.com
Tel. (650) 494-5434; Fax (650) 493-2645